People v R.O. (2025 NY Slip Op 50691(U))

[*1]

People v R.O.

2025 NY Slip Op 50691(U)

Decided on April 30, 2025

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 30, 2025
Youth Part, Erie County

The People of the State of New York

against
R.O. AO.

Docket No. FYC-70931-25/001

Taylor Yensan, Esq. (Assistant District Attorney)
Elias Farah, Esq. (for Principal R.O.)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Taylor L. Yensan, Esq. (Assistant District Attorney), dated April 14, 2025; no responsive papers having been received on behalf of AO R.O.; oral argument and a hearing on the motion having been waived in writing by the ADA; and due deliberation having been had, the Court finds the following:
Procedural History
AO R.O. is charged under FYC-70931-25/001 with one count of Criminal Possession of a Weapon in the Second Degree in violation of Penal Law Section 265.03(3), one count of Criminal Possession of a Weapon in the Third Degree in violation of Penal Law Section 265.02(8), and one count of Petit Larceny, in violation of Penal Law Section 155.25.
This Court arraigned AO R.O. on March 17, 2025 and released him under RUS supervision. On March 20, 2025, the People waived the felony hearing and conceded the six-day reading. This Court found that the charges did not meet the requirements of CPL § 722.23(2)(c) to presumptively remain in Youth Part. The People indicated that they would make a motion under CPL § 722.23(1) requesting that this matter not be removed to Family Court. A decision on the extraordinary circumstances motion was scheduled for April 30, 2025.

Findings of Fact
It is alleged that on March 14, 2025, at or around 7:30 PM, officers responded to a call from a Macy's employee at the Walden Galleria, stating that they had detained AO R.O. for theft of merchandise valued at $116.50.
Upon search of AO R.O., Macy's loss prevention recovered a grey and black unmarked 10MM gun with Supreme stickers and P80 marked on the grip, with an extended magazine capable of holding 27 rounds, from AO R.O.'s pants. The extended magazine contained 3 10mm rounds. The gun was submitted to the CPS Lab for testing. It was found to be loaded and operable.

Conclusions of Law
The Raise the Age Law defines a 16-year-old or 17-year-old person who was charged with a felony as an "adolescent offender" (CPL § 1.20 [44]; see Penal Law § 30.00 [1], [3] [a]). When an adolescent offender is charged with a violent felony as defined in Penal Law § 70.02, within six calendar days of the adolescent offender's arraignment, the youth part of superior court is required to review the accusatory instrument and determine whether the prosecutor has proven by a preponderance of the evidence that the adolescent offender caused 'significant physical injury' to someone other than a participant in the crime, displayed a 'firearm, shotgun, rifle or deadly weapon as defined in the penal law' in furtherance of the crime, or unlawfully engaged in sexual intercourse, oral sexual conduct, anal sexual conduct or sexual contact as defined in section 130.00 of the Penal Law (CPL § 722.23(2)(a), (c)). 
The matter must be transferred to Family Court if these factors are not present unless, within thirty calendar days of arraignment, the prosecutor moves to prevent the removal of the action to Family Court and establishes that extraordinary circumstances exist. (CPL § 722.23(1)(a), (d). The term "extraordinary circumstances" is not defined in the Raise the Age Law. (People v. Guerrero, 235 AD3d 1276, 1276 (4th Dept. 2025)). "The legislative history for CPL § 722.23 reveals that, in making an extraordinary circumstances determination, courts should 'look at all the circumstances of the case, as well as ... all of the circumstances of the young person,' including both mitigating and aggravating factors" (NY Assembly Debate on 2017 NY Assembly Bill A3009C, April 8, 2017 at 39; see id. at 40, 65); see also, People v. Guerrero, supra). The legislative history further provides that "the People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'". See also, People v T.P., 73 Misc 3d 1215(A) (Nassau County Ct 2021) citing Assembly Record, p. 39).
The People state that AO R.O.'s actions in this matter rise to the level of "extraordinary circumstances" such that removal to Family Court should be prevented. The People raise such extraordinary circumstances as AO R.O. being in possession of a loaded firearm, while fleeing from the police and creating a public safety concern in the Galleria Mall. Further, the People state that AO R.O. would not be amenable to the heightened services of Family Court, stating that AO R.O.'s actions show a clear disregard for public safety. The People conclude that this disregard for public safety equates to AO R.O. being unsuccessful with the heightened services of Family Court.
It is not alleged that AO R.O. used the firearm found on his person in furtherance of any crimes. Noone was injured during this incident. No personal property was destroyed. This is AO R.O.'s first reported arrest in Youth Part. While theft and gun possession cases are very serious matters, this case does not contain the type of disturbing fact pattern that should remain in Youth Part. Based on the information provided and the allegations presented by the People, this Court has no reason to believe that this Youth will not be amenable to the heightened services of Family Court. [*2](People v J.P., 80 Misc 3d 1205[A] (Youth Part, Erie County, 2023).
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare" (Assembly Record, p. 39). Extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. The People did not meet their burden to prevent removal of this action to Family Court. This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER,
HON. BRENDA M. FREEDMAN